# EXHIBIT A

STATE OF INDIANA ) IN THE SCOTT COUNTY CIRCUIT COURT
) SS:
COUNTY OF SCOTT ) CAUSE NO.

MORGAN FOODS, INC.,

        Plaintiff,

  v.

AXA XL SYNDICATE 2003; BERKSHIRE
HATHAWAY INTERNATIONAL INSURANCE
LTD; ASSICURAZIONI GENERALI S.p.A; AVIVA
INSURANCE LIMITED; NAVIUM MARINE
LIMITED; CHUBB EUROPEAN GROUP SE; IQUW
SYNDICATE 1856; ANTARES SYNDICATE 1274;
EVEREST SYNDICATE 2786,

        Defendants.

## COMPLAINT

Plaintiff Morgan Foods, Inc. ("Morgan Foods"), by counsel, for its Complaint against AXA

XL Syndicate 2003, Berkshire Hathaway International Insurance LTD, Assicurazioni Generali

S.p.A, Aviva Insurance Limited, Navium Marine Limited, Chubb European Group SE, IQUW

Syndicate 1856, Antares Syndicate 1274, and Everest Syndicate 2786 (collectively "Defendants"),

states as follows:

## INTRODUCTION

1.    This Complaint arises from Defendants' fundamentally flawed coverage decision,

which misinterprets and fails to reconcile key provisions of the insurance policy issued to Morgan

Foods. Despite clear policy language providing coverage for the millions of dollars in losses

Morgan Foods sustained as a result of a coordinated and systemic theft scheme, Defendants denied

full coverage based on an unreasonable and unsupported interpretation of the policy. To be clear,

the misplaced coverage position was not based on some interpretive dispute. Rather, it was based

on a misrepresentation of policy language – effectively adding terms that did not exist.  Moreover, even after Morgan Foods gave Defendants an opportunity to cure the defect, Defendants provided no substantive response or rationale for their position.  Ultimately, the nine-month claims process was marred by inefficiency, lack of transparency, and an apparent disregard for Defendants' contractual and legal obligations.  As such, Morgan Foods has filed this suit to recover what is owed to them under the Policy.

## PARTIES

2.      Morgan Foods is an Indiana corporation with its principal place of business at 90 West Morgan Street, Austin, IN 47102.

3.      AXA XL Syndicate 2003 is a foreign corporation with its principal place of business in the United Kingdom.

4.      Berkshire Hathaway International Insurance LTD is a foreign corporation with its principal place of business in London, England.

5.      Assicurazioni Generali S.p.A. is a foreign corporation with its principal place of business in Trieste, Italy.

6.      Aviva Insurance Limited is a foreign corporation with its principal place of business in London, England.

7.      Navium Marine Limited is a foreign corporation with its principal place of business in the United Kingdom.

8.      Chubb European Group SE is a foreign LLC with its headquarters in Courbevoie, France and its principal place of business in London, England.

9.      IQUW Syndicate 1856 is a foreign corporation with its principal place of business in London, England.

2

10.    Antares Syndicate 1274 is a foreign corporation with its principal place of business in London, England.

11.    Everest Syndicate 2786 is a foreign corporation with its principal place of business in London, England.

## JURISDICTION

12.    This Court has general jurisdiction over the Defendants pursuant to Indiana Rule of Trial Procedure 4.4(A) because Defendants conducted business in Indiana, caused damage to an Indiana resident through their acts and omissions, and contracted to insure an Indiana corporation.

13.    Preferred venue lies in Scott County pursuant to Trial Rule 75(A)(10).

14.    Further, each of the Defendants has expressly consented to the jurisdiction of this Court.

15.    Further, each of the Defendants has expressly designated the Commissioner of the Indiana Department of Insurance to accept service on Defendants' behalf.

## BACKGROUND FACTS

*The Policy*

16.    On March 12, 2024, Defendants collectively issued the valid and enforceable Stock Throughput Policy, Policy No. 24M781389180 (the "Policy"), to Morgan Foods. A true and accurate copy of the Policy is attached as **Exhibit A**.

17.    Morgan Foods paid, and Defendants accepted, a significant premium for the Policy.

18.    The Policy insures against direct physical loss or damage to "[a]ll goods and merchandise of every description handled by the Insured in the course of their business consisting principally but not limited to tinned soup, beans and tetra packaging including raw materials, semi-finished goods, packing materials and supplies and/or all similar interests, the

3

property of the Insured and/or for which they are responsible and/or which may be otherwise at their risk including, if applicable, any liability for the freight, duty or other charges."

19.    This Policy includes coverage for theft of such goods in the ordinary course of transit, as well as shortages from shipping containers.

20.    The Policy's deductible section (emphasis added) reads as follows:

| DEDUCTIBLE | Other than in respect of claims on shipments valued less than USD 10,000 by common carrier to which no deductible shall apply, **claims for loss, damage or expense resulting from any one occurrence or series of occurrences arising out of one event, shall be adjusted as one claim**, and from the amount of such adjusted claim there shall be deducted the sums as below:<br><br>Transit Risks: USD 10,000 |
| --- | --- |

21.    Furthermore, the Policy (emphasis added) specifies that if a loss involves more than one conveyance, then only one deductible shall apply:

| Deductible Provisions<br>…<br>In the event of loss or damage involving more than one location, conveyance or deductible under the Contract in one event, **only one deductible shall apply**, and the largest applicable deductible shall be assessed against the entire loss. |
| --- |

*The Theft*

22.    Morgan Foods is an Indiana-based food processing company that has been in business for over 125 years. It specializes in processing private label soups and beans.

23.    On or around March 1, 2024, Morgan Foods became the victim of an organized and systematic theft scheme (the "Theft").

24.    Morgan Foods reported the incident to law enforcement, who separately confirmed that Morgan Foods was the victim of criminal theft.

25.    Morgan Foods sustained $2,284,229.88 in losses due to the Theft.

26.     Defendants confirmed that the Theft was covered under the Policy and that Morgan Foods had suffered a loss of $2,116,201.

27.     The Theft constituted a single occurrence under the Policy.

28.     Therefore, only one deductible applied to the loss arising from the Theft.

*Claims Handling*

29.     Shortly after uncovering the organized and systemic theft scheme, Morgan Foods notified Defendants of its losses pursuant to the terms and conditions of the Policy (the "Claim")

30.     Subsequently, Morgan Foods corresponded numerous times with Defendants and their claims handlers, including through emails, letters, and phone calls.

31.     Morgan Foods responded to at least four information requests and sent Defendants copious amounts of supporting documentation.

32.     Despite the voluminous information provided by Morgan Foods, Defendants took over nine months to finally issue a coverage position letter.

33.     In addition to the documents and information provided by Morgan Foods, Defendants retained an outside consulting firm—JS Held—to assess and quantify Morgan Foods' total loss.

34.     In its completed report, JS Held computed the value of Morgan Foods' loss to be $2,116,201.05.

35.     JS Held did not identify any information gaps or potential errors with its estimate.

36.     In February 2025, Defendants specifically represented that the investigation was complete and that the only remaining step was the application of deductibles at the direction of Defendants.

37.    However, Defendants only paid Morgan Foods $280,953.00, which was less than 15% of the total Claim value.

38.    To reach this number, Defendants manufactured Policy language.  Specifically, and in direct contradiction of the actual Policy language, Defendants applied a "per conveyance" deductible.

39.    Importantly, there is no Policy term providing or suggesting that deductibles should be applied on a "per conveyance" basis.  Rather, the Policy actually disavows any conveyance-based deductibles noting that "In the event of loss or damage involving more than one location, conveyance or deductible under the Contract in one event, only one deductible shall apply…"

40.    Nonetheless, by trying to re-write the Policy post-loss, Defendants were able to apply 213 deductibles, effectively reducing the claim by 85%.

41.    Defendants' application of the deductible provisions misrepresents Policy language and violates the Policy's terms and conditions.

*Coverage Determination and Subsequent Handling*

42.    Morgan Foods promptly contested Defendants' improper application of multiple deductibles.

43.    Despite clear Policy language indicating the deductible is applied on a per occurrence basis, and despite Morgan Foods' identification of that language, Defendants failed to substantively respond to Morgan Foods' arguments and did not attempt to justify their interpretation of the Policy.

44.    Instead, over nine months after Morgan Foods' initial Claim was submitted and four months after indicating their investigation was complete, Defendants now seek to restart their investigation.

6

45.     The renewed investigation is a transparent attempt to develop some (now waived) post-hac rationale for limiting coverage and delaying payment.

46.     Moreover, before releasing the undisputed amount (the 15% remaining after the erroneous application of deductible), Defendants required the Morgan Foods execute a "Proof of Loss."  However, the "Proof of Loss" contained a broad release of the entire claim, including the amount being wrongfully withheld.

47.     It has long been the law in Indiana (and, universally, elsewhere) that an insurer may not condition payment of undisputed portions of coverage on the insured agreeing to release claims to additional funds.  Nonetheless, Defendants eventually conceded that they could not provide a "Proof of Loss" that complied with Indiana law and, rather, would defer to Morgan Foods' attorney to prepare the document at its own expense.

48.     Defendants' pattern of behavior, including their unreasonable delay in the investigation of the Claim, untenable position on the application of the deductible, and demand that Morgan Foods release all claims under the Policy to receive undisputed loss funds violates the duty of good faith and fair dealing between the insurer and its insured.

49.     As such, Morgan Foods brings this action to obtain declaratory judgment as to its rights under the Policy, an order for the full value of the theft claim, and an award for any and all damages stemming from Defendants' breach of contract and duty of good faith and fair dealing.

## COUNT I – DECLARATORY JUDGMENT

50.     Morgan Foods repeats, realleges, and incorporates all preceding paragraphs as if fully set forth herein.

51.     The Policy requires Defendants to provide coverage to Morgan Foods for its loss suffered related to the organized and systemic theft scheme.

7

52.     The Policy requires that only one deductible be applied to the loss event.

53.     Defendants have instead attempted to apply hundreds of deductibles to a single loss event.

54.     Morgan Foods and Defendants disagree about their respective rights and obligations regarding coverage under the policy and the application of the deductible, and a justiciable controversy exists between Morgan Foods and Defendants regarding those rights and obligations.

55.     As such, Morgan Foods seeks a declaration from the Court stating that: (1) Defendants owe Morgan Foods indemnity coverage for the Claim; (2) Defendants waived their right to challenge indemnity for the Claim; (3) only one deductible applies to the Claim; and (4) Defendants are liable to Morgan Foods for all losses and costs attributable to the Claim minus the application of the single deductible.

## COUNT II – BREACH OF CONTRACT

56.     Morgan Foods repeats, realleges, and incorporates all preceding paragraphs as if fully set forth herein.

57.     The Policy is a binding contract between Morgan Foods and Defendants.

58.     Defendants failed to properly apply the deductible to the Claim per the terms of the Policy. In doing so, Defendants have breached the terms of the Policy.

59.     Defendants' breach of the Policy is a material breach and is without excuse or justification.

60.     Morgan Foods suffered damages and will continue to suffer damages due to Defendants' breach.

61.     Morgan Foods is entitled to recover those damages from Defendants.

8

## COUNT III – BREACH OF DUTY OF GOOD FAITH

62.     Morgan Foods repeats, realleges, and incorporates all preceding paragraphs as if fully set forth herein.

63.     Under Indiana law, an insurer has a duty to deal with its insured in good faith and fair dealing.

64.     The obligation of good faith and fair dealing includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.

65.     Defendants breached their duties of good faith and fair dealing towards Morgan Foods by unreasonably delaying their investigation, misrepresenting policy language, and refusing to pay policy proceeds without a sufficient basis.

66.     Defendants consciously and knowingly acted contrary to Morgan Foods' best interests.

67.     As a result of Defendants' breach of their duties of good faith and fair dealing, Morgan Foods has been (and continues to be) damaged and is entitled to both compensatory and punitive damages.

68.     Morgan Foods is entitled to recover those damages from Defendants.

WHEREFORE, Morgan Foods respectfully requests: (1) a declaratory judgment stating that Defendants owe Morgan Foods indemnity coverage for the Claim; (2) a declaratory judgment stating that Defendants waived their right to challenge indemnity for the Claim; (3)  a declaratory judgment stating that only one deductible applies to the Claim; (4) a declaratory judgment that Defendants are liable to Morgan Foods for all losses and costs attributable to the Claim minus the

9

application of a single deductible; (5) a judgment in favor of Morgan Foods and against Defendants in an amount that will fully compensate Morgan Foods for its damages and losses resulting from Defendants' breach of the Policy; (6) a judgment in favor of Morgan Foods and against Defendants in an amount that will fully compensate Morgan Foods for its damages and losses resulting from Defendants' breach of their duties of good faith and fair dealing; (7) an award of costs, attorney fees, and litigation expenses in this action, with interest; (8) punitive damages; and (9) and all other just and proper relief.

Respectfully submitted,

*/s/ Nicholas B. Reuhs*
Nicholas B. Reuhs, Attorney No. 31181-49
Benjamin P. Burdick, Attorney No. 36783-29
Zakariah Kulam, Attorney No. 36874-45
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282
T:  317-236-2100
nicholas.reuhs@icemiller.com
ben.burdick@icemiller.com
Zakariah.kulam@icemiller.com

*Counsel for Plaintiff, Morgan Foods, Inc.*

10

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all claims and issues triable as a matter of right.

Respectfully submitted,

/s/ *Nicholas B. Reuhs*

Nicholas B. Reuhs

11